# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE:  ALEXANDER ROSS HERNANDEZ                    No. 1:25-mc-00022-KG

## ORDER TO SHOW CAUSE

The Supreme Court of the State of New Mexico ordered that Alejandro R. Hernandez, a/k/a Alex R. Hernandez, Jr., is "DISBARRED" from the practice of law effective January 9, 2025.  Order, *In the Matter of Alejandro R. Hernandez, a/k/a Alex R. Hernandez, Jr.*, No. S-1-SC-40689, filed January 9, 2025 (N.M.) (stating the Disciplinary Board's petition for reciprocal discipline requested that the New Mexico Supreme Court impose the identical discipline of disbarment imposed by the State of Texas).

The Local Rules of Civil Procedure for the District of New Mexico do not allow an attorney who has been disbarred from the practice of law to practice before this Court:

> An attorney admitted to the bar of this court must remain in good standing in all courts where admitted.  In good standing means not suspended or disbarred by any court for any reason.  An attorney whose suspension or disbarment has been stayed by order of the disciplining court prior to the effective date of the suspension or disbarment remains in good standing.  An attorney who is not in good standing may not practice before the bar of this court or continue to be an attorney or record in any pending case....

D.N.M.LR-Civ. 83.2(c) ("Rule of Good Standing").

Mr. Hernandez shall, within 30 days of entry of this Order, show cause in writing why the Court should not disbar him in accordance with D.N.M.LR-Civ. 83.2(c) due to his disbarments by the Supreme Court of the State of New Mexico and the State of Texas.  The written response to this Order to Show Cause must address the standards for relief from the Rule of Good Standing.  *See* D.N.M.LR-Civ. 83.2(d)(2).  It also appears that Mr. Hernandez did not notify the Clerk of this Court of his disbarments by the New Mexico Supreme Court and the State of Texas as required by the District of New Mexico's Local Rule regarding self-reporting.  *See* D.N.M.LR-Civ.83.2(f)(2) (an

attorney disbarred for any reason by any court must, within 14 days of entry of the disciplinary order, give written notice to the Clerk); D.N.M.LR-Civ. 83.2(g) ("Failure to self-report is a separate cause for disciplinary action").  Mr. Hernandez's response to this Order must address his apparent failure to self-report his disbarments by the New Mexico Supreme Court and the State of Texas.

Mr. Hernandez may, within 30 days of entry of this Order, request that the undersigned appoint a Panel of Judges to review the disciplinary proceedings of the State of New Mexico and the State of Texas.  *See* D.N.M.LR-Civ. 83.10(a).  If Mr. Hernandez does not request the appointment of a panel of Judges, the undersigned will review his response and determine whether suspension, disbarment or other discipline is appropriate.  If Mr. Hernandez requests a hearing, he must state the reasons why he believes a hearing is necessary.  *See* D.N.M.LR-Civ. 83.10(a) ("The Chief District Judge will appoint a panel of federal judges ... [which may] *if necessary*, conduct a hearing to determine whether discipline, suspension or disbarment is appropriate") (emphasis added).  Because the undersigned or the Panel may decide it is not necessary to conduct a hearing to determine whether discipline, suspension or disbarment is appropriate, Mr. Hernandez's response to this Order to Show Cause must include all the materials Mr. Chavez wishes the undersigned or the Panel to consider.

**IT IS THEREFORE ORDERED** that Mr. Hernandez shall, within 30 days of entry of this Order, show cause in writing why the Court should not disbar him from the practice of law in the United States District Court for the District of New Mexico.  Failure to timely show cause will result in disbarment.

**IT IS SO ORDERED.**

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.